**Li Jin DONG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4585.

United States Court of Appeals, Second Circuit.

May 26, 2005.

Sunit K. Joshi (Sokol Braha), Joshi & Associates P.C., New York, NY, for Petitioner, of counsel.

Paula Ryan Conan, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney, on the brief), United States Attorney's Office for the Northern District of New York, Syracuse, NY, for Respondent.

Present: MESKILL, NEWMAN, and CABRANES, Circuit Judges.

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **DENIED.**

Li Jin Dong, a native and citizen of the People's Republic of China ("China"), petitions this Court for review of a September 23, 2002, order of the Board of Immigration Appeals ("BIA") affirming a February 1, 1999, oral decision of an immigration judge ("IJ").

Dong requested asylum and withholding of deportation based, *inter alia,* on his

claim that his wife[1] was forcibly sterilized in 1981, shortly after the birth of their third child. Consistent with the BIA's ruling in *Matter of C–Y–Z–*, 1997 WL 353222, 21 I. & N. Dec. 915 (B.IA.1997) (in banc), Dong contended that he was entitled to relief as the spouse of a person who was forced to undergo sterilization. *See* 21 I. & N. Dec. at 915 (recognizing that an "alien whose spouse was forced to undergo an abortion or sterilization procedure can establish past persecution on account of political opinion and qualifies as a refugee").

The IJ denied Dong's application for asylum and withholding of removal based on his finding that Dong was not credible, that Dong's testimony was internally inconsistent, that Dong had "testified ... as if he was reciting from a memorized script, not as if he was responding to specific questions from his own personal memories and experiences," and that Dong's application, testimony, and documentary evidence contained material inconsistencies and omissions which Dong had not satisfactorily explained. The IJ noted that Dong's credibility was further undermined by Dong's admissions (1) that he had obtained passports through fraudulent means both in the United States and China and (2) that sworn statements he had made in support of a 1993 application for advanced parole, which Dong attributed to a "non-attorney travel agent," were false.

In addition, the IJ asserted that Dong's testimony, even if credible, may not have rendered him eligible for relief under *C–Y–Z–* because Dong's marriage had not been registered at the time of his wife's forced sterilization and that, therefore, Dong "was not in fact the legal spouse" within the meaning of *C–Y–Z–*. *Compare Chen v. Ashcroft*, 381 F.3d 221, 223 (3d Cir.2004) (affirming the BIA's determination that *C–Y–Z–* does not apply to " 'unmarried partners' "), *with Ma v. Ashcroft*, 361 F.3d 553, 559 (9th Cir.2004) (declining to defer to the BIA's ruling and holding that "husbands, whose marriages are denied recognition by virtue of [China's] population control program [minimum age requirements] ..., may [not] be deprived of eligibility for asylum on the basis of that denial"). In affirming the IJ's decision, the BIA did not specifically address whether Dong would have been eligible for relief under *C–Y–Z–* if his testimony had been credible, but stated only that it "adopt[ed] and affirm[ed] the Immigration Judge's February 1, 1999, decision for the reasons set forth therein."

We defer to the IJ's factual findings as long as they are supported by "substantial evidence," and we will reverse only if no reasonable factfinder could have reached the same conclusion. *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). Upon our review of the record, we hold that the IJ's determination—that Dong, due to his lack of credibility, failed to establish either past persecution or a reasonable fear of future persecution based on his opposition to China's family planning polices—is supported by substantial evidence. *See Zhang v. INS*, 386 F.3d 66, 67 (2d Cir.2004) (affirming denial of asylum under the substantial evidence standard where the IJ found that the asylum applicant had " 'not presented consistent, detailed or credible testimony' to support his claim of persecution").

---

1. In his asylum application, Dong stated that, although he and his wife had a "traditional Chinese ceremony in December 1975," they did not register their marriage until 1990. Dong said that they avoided registering their marriage because "registered marriages were subjected to the birth control policy of the government" and he wanted "to have more children" than the policy permitted.

Because we so hold, we do not reach, or express any view upon, the question of whether Dong would have been eligible for relief under *C–Y–Z–* if he had credibly testified that his wife was forcibly sterilized in 1981.

\*　　\*　　\*　　\*　　\*　　\*

Having considered all of petitioner's arguments and found each of them to be without merit, we **DENY** the petition for review.